# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
HAROLD P. GEWERTER, BAR NO. 499

No. 80198

FILED

OCT 26 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that a previously stayed one-year suspension be imposed against attorney Harold P. Gewerter for his failure to comply with probation conditions.[1]

On January 4, 2018, this court suspended Gewerter for one year, with the suspension stayed for two years subject to certain probation conditions approved by the hearing panel. *In re Discipline of Gewerter*, Docket No. 73529 (Order Approving Conditional Guilty Plea Agreement, Jan. 4, 2018). Those conditions included that "the opening of a grievance concerning which a Screening Panel ultimately determines that a formal hearing is warranted . . . shall be considered a breach of this stay." This

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this matter.

We remind the State Bar that hearing panel decisions should be served on the attorney under SCR 105(3)(a) and pursuant to SCR 109(1). As such, the best practice would be for the State Bar to serve the hearing panel's decision on the attorney separate from service of the record of bar proceedings filed in this court. Further, we remind the State Bar that certificates of service must accompany any document filed with this court. NRAP 25(d).

20-39065

condition applied to grievances, "including but not limited to matters involving any of [Gewerter's] trust accounts prior to [the conditional guilty plea agreement]." On June 26, 2019, a screening panel recommended proceeding to a formal hearing on a grievance, which involved Gewerter's trust account prior to the signing of the conditional guilty plea agreement. Thus, Gewerter breached the conditions of his probation and imposition of the one-year suspension previously stayed in Docket No. 73529 is necessary.

Accordingly, we hereby suspend attorney Harold P. Gewerter from the practice of law in Nevada for one year beginning from the date of this order. Additionally, Gewerter shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[2]

_____ Pickering, C.J.
Pickering

_____ J.
Gibbons

_____ J.
Hardesty

_____ J.
Parraguirre

_____ J.
Stiglich

_____ J.
Cadish

_____ J.
Silver

---

[2]To the extent the parties' additional arguments are not addressed herein, we conclude they do not warrant a different result.

cc:    Chair, Southern Nevada Disciplinary Board
Pitaro & Fumo, Chtd.
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A